H. Struve HENSEL et al., Appellants,

v.

ALCOHOLIC BEVERAGE CONTROL BOARD et al., Appellees.

No. 17684.

United States Court of Appeals District of Columbia Circuit.

Argued June 21, 1963.

Decided July 3, 1963.

Petition for Rehearing Before the Division Denied Aug. 1, 1963.

Petition for Rehearing En Banc Denied Sept. 25, 1963.

Mr. F. Trowbridge vom Baur, Washington, D. C., for appellants.

Mr. Richard W. Barton, Asst. Corp. Counsel for District of Columbia, with whom Messrs. Chester H. Gray, Corp. Counsel, Milton D. Korman, Principal Asst. Corp. Counsel, and Hubert B. Pair, Asst. Corp. Counsel, were on the brief, for appellee Alcoholic Beverage Control Bd.

Mr. J. E. Bindeman, Washington, D. C., with whom Messrs. Eugene L. Stewart and Leonard W. Burka, Washington, D. C., were on the brief, for appellee RJM, Inc.

Before BAZELON, Chief Judge, and WILBUR K. MILLER and WRIGHT, Circuit Judges.

PER CURIAM.

Section 25–107 of the District of Columbia Code provides: "The Commissioners shall have specific authority to make rules and regulations for the issuance, transfer, and revocation of [liquor] licenses; * * * to forbid the issuance of any class or classes of [liquor] licenses for businesses established *subsequent* to January 24, 1934,[1] near or around schools, colleges, universities, churches, or public institutions * * *." (Emphasis supplied.) The negative premise of this provision is that, with respect to businesses established prior to January 24, 1934, the Commissioners may not promulgate regulations forbidding the issuance of liquor licenses because they are near schools, colleges, universities, churches, or public institutions. This simple analysis provides the answer to this appeal.

The District of Columbia Alcoholic Beverage Control Board[2] issued a liquor license to RJM, Inc. RJM had previously purchased a restaurant business on the location in question, which is within 400 feet of three schools, the restaurant business having been established in, and continuously operated since, 1928. Appellants, residents in the area of the restaurant, opposed the issuance of the license before the Board and now ask reversal of the judgment of the District Court refusing to annul the order of the Board granting the license. Although they suggest various procedural errors in the proceedings before the Board, the main thrust of their attack on the Board order is that it was issued in violation of Regulation 2–103 promulgated pursuant to the Alcoholic Beverage Control Act, which regulation provides that: "No

1. Repeal of Prohibition became effective in the District of Columbia on this day.

2. Appointed by the Commissioners pursuant to 25 D.C.Code § 104.

license * * * shall be issued for any place of business within 400 feet of any public, private or parochial, primary, elementary, or high school, or any college, university, or church: * * *."

After full hearing, the Board found: "That the evidence fully established that this restaurant business was established in 1928 and has operated since that time as a restaurant." Appellants admit that this finding is uncontroverted in the record. Since the business to which the liquor license in suit was issued was established prior to January 24, 1934, the regulation on which appellants rely is inapplicable.

The procedural issues raised on appeal have been adequately, and we think properly, dealt with in the opinion of the District Court.

Affirmed.